United States Bankruptcy Court
Southern District of Texas
**ENTERED**
December 13, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| APPHARVEST PRODUCTS, LLC, *et al.*[1] | Case No. 23-90745 (CML) |
| Debtors. | (Jointly Administered) |

**FINAL DECREE CLOSING CERTAIN OF THE CHAPTER 11 CASES**
(Related to Docket No. 674)

Upon the motion ("Motion")[2] of the Plan Administrator on behalf of the Wind-Down Debtors, for entry of final decree (this "Final Decree") pursuant to section 350(a) of the Bankruptcy Code and Bankruptcy Rule 3022, (i) closing the Affiliate Cases and (ii) granting related relief, each as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and the Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of this proceeding being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and appropriate notice of and opportunity for a hearing on the Motion having been given; and the relief requested in the Motion being in the best interests of the Wind-Down Debtors' estates, their creditors and other parties in interest; and this Court having found that the Plan Administrator's notice of the Motion and opportunity for a hearing on the

---

[1] The Wind-Down Debtors in these chapter 11 cases, together with the last four digits of the Debtors' federal tax identification number, are: AppHarvest Operations, Inc. (5929), AppHarvest, Inc. (2965), AppHarvest Farms, LLC (7067), AppHarvest Morehead Farm, LLC (1527), AppHarvest Richmond Farm, LLC (0632), AppHarvest Berea Farm, LLC (3140), AppHarvest Pulaski Farm, LLC (2052), AppHarvest Development, LLC (None), Rowan County Development, LLC (0700), AppHarvest Technology, Inc. (4868), AppHarvest Products, LLC (5929), and AppHarvest Foundation, LLC (None). The Wind-Down Debtors' service address is 500 Appalachian Way, Morehead, KY 40351.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to them in the Motion.

Motion were appropriate and that no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before this Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The following Affiliate Cases are hereby closed; *provided*, that this Court shall retain jurisdiction in accordance with the terms of the Plan, the Confirmation Order, and this Final Decree:

| **Debtor** | **Case No.** |
|---|---|
| AppHarvest, Inc. | 23-90746 |
| AppHarvest Berea Farm, LLC | 23-90747 |
| AppHarvest Morehead Farm, LLC | 23-90748 |
| AppHarvest Development, LLC | 23-90749 |
| AppHarvest Farms, LLC | 23-90750 |
| AppHarvest Operations, Inc. | 23-90751 |
| AppHarvest Foundation, LLC | 23-90752 |
| AppHarvest Pulaski Farm, LLC | 23-90753 |
| AppHarvest Richmond Farm, LLC | 23-90754 |
| AppHarvest Technology, Inc. | 23-90755 |
| Rowan County Development, LLC | 23-90756 |

2. The Remaining Case of AppHarvest Products, LLC, Case No. 23-90745, shall remain open pending entry of a final decree by this Court closing the Remaining Case.

3. The clerk shall designate on the dockets of the Affiliate Cases that the cases are now being administered under the Remaining Case. The Plan Administrator on behalf of the Wind-Down Debtors shall make a docket entry in each of the Affiliate Cases substantially similar to the following:

> An order has been entered in this case directing that all further reporting concerning the administration of the assets and liabilities in this case will occur only in the cases of AppHarvest Products, LLC, Case No. 23-90745. The docket in Case No. 23-90745 should be consulted for all matters affecting this case.

4. The following caption shall be used in the Remaining Case going forward:

| In re: | Chapter 11 |
|---|---|
| APPHARVEST PRODUCTS, LLC, | Case No. 23-90745 (CML) |
| Debtor. | (Formerly Jointly Administered) |

5. Subject to the terms of the Confirmation Order and the Plan, the Court retains jurisdiction and authority with regard to the Remaining Matters, whether or not they pertain to the Remaining Case or the Affiliate Cases and whether or not they are pending before the Court in the Remaining Case or the Affiliate Cases, any actions with regard to the Remaining Matters (including with respect to the Claims Reconciliation Process, the Fee Applications, and/or the Dalsem Litigation, whether currently pending in an Affiliate Case or not) shall be filed, administered, and/or adjudicated in the Remaining Case without the need to reopen any Affiliate Case, any failure of the Plan Administrator or Wind-Down Debtors (or any entity authorized pursuant to the Plan) to file an objection to any claim against or interest in any Wind-Down Debtor on or prior to entry of this Final Decree shall not constitute allowance of the claim or interest and shall not result in such claim or interest being deemed allowed against or in any Wind-Down

Debtor, and any objections to claims against or interests in the Wind-Down Debtors may be filed, administered, and adjudicated in the Remaining Case in accordance with the Confirmation Order and the Plan.

6. Notwithstanding the relief granted in this Final Decree and any actions taken pursuant to such relief, nothing in this Final Decree shall be deemed: (i) an admission as to the amount of, basis for, or validity of any Claim under the Bankruptcy Code or applicable non-bankruptcy law; (ii) a waiver of the rights of the Plan Administrator to dispute any Claim on any grounds; (iii) a promise or requirement to pay any Claim; (iv) a waiver of any claims or causes of action which may exist against any entity; or (v) a waiver or limitation of the rights of the Plan Administrator or Wind-Down Debtors or any other parties in interest under the Bankruptcy Code or any other applicable law.

7. After the date of entry of this Final Decree, no Wind-Down Debtor in an Affiliated Case shall be obligated to file quarterly operating reports; *provided*, *however* that the Plan Administrator on behalf of the Wind-Down Debtors of the Affiliate Cases shall file post-confirmation reports for the period from [December 1, 2023] to the date this Final Decree is entered, by the later of (i) twenty-one (21) days after the date of entry of the Final Decree and (ii) the date on which such post-confirmation quarterly report is otherwise due.

8. The Plan Administrator on behalf of the Wind-Down Debtors shall pay the appropriate sum of quarterly fees due and payable under 28 U.S.C. § 1930(a)(6)(A) and (B) for the Affiliate Cases by the later of (i) twenty-one (21) days after the date of entry of the Final Decree and (ii) the date on which such quarterly fees are otherwise due.  This Court shall retain jurisdiction to enforce fees assessed under 28 U.S.C. § 1930(a)(6)(A) and (B).

9. Quarterly disbursements for the Remaining Case will be reported in post-confirmation reports and quarterly fees will be paid when due and payable under 28 U.S.C. § 1930(a)(6)(A) and (B) pending the entry of a final decree by this Court closing the Remaining Case.

10. Entry of this Final Decree is without prejudice to (a) the rights of the Plan Administrator or Wind-Down Debtors or any party in interest to seek to reopen any of the Affiliate Cases for cause pursuant to section 350(b) of the Bankruptcy Code, and (b) the rights of the Plan Administrator or Wind-Down Debtors, or any entity authorized pursuant to the Plan to dispute any claims that were or will be filed against the Wind-Down Debtors in these Chapter 11 Cases, as provided in the Plan and the Confirmation Order.

11. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion under the circumstances and the requirements of rule 6004(a) of the Federal Rules of Bankruptcy Procedure and the Bankruptcy Local Rules for the Southern District of Texas are satisfied by such notice.

12. The terms and conditions of this Final Decree shall be immediately effective and enforceable upon its entry.

13. The Plan Administrator on behalf of the Wind-Down Debtors and any entity authorized pursuant to the Plan, and their respective agents, are authorized to take all such actions as are necessary or appropriate to implement the terms of this Final Decree.

14. Nothing in this Final Decree shall change the amount or nature of any distribution, or any other substantive right, that any claim against or interest in any Wind-Down Debtor would have been entitled to under the Plan, the Confirmation Order, the Bankruptcy Code, the Bankruptcy Rules, or otherwise, had this Final Decree not been entered.

15. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Decree.

Signed: December 13, 2023

_____
Christopher Lopez
United States Bankruptcy Judge